IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| ISAAC DONALD EVERLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:17-cv-01440 |
| | ) | |
| PATRICE Y. EVERLY, PHILLIP J. EVERLY, CHRISTOPHER I. EVERLY, THE PHILLIP EVERLY FAMILY TRUST and, EVERLY AND SONS MUSIC (BMI) | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendants Patrice Y. Everly, Phillip J. Everly, Christopher I. Everly, The Phillip Everly Family Trust And, and Everly And Sons Music (BMI) (collectively, the "Defendants"), respectfully submit this Answer and assert their Affirmative Defenses to the Complaint of Plaintiff Isaac Donald Everly as follows:

## NATURE OF THE ACTION

1. Defendants admit that Plaintiffs have filed the complaint for declaratory relief (the "Complaint"), but deny the legitimacy or merit of the action as framed in Paragraph 1.

2. Defendants admit there is an "actual controversy", but deny the completeness of the description of the issues as framed in Paragraph 2.

## THE PARTIES

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 3 of the Complaint.

4. Defendants admit the allegations in Paragraph 4 of the Complaint.

5. Defendants admit that Jason Everly is statutory successor to the U.S. Copyright

Terminations Rights of Phil Everly, but deny each and every other allegation in Paragraph 5.

6. Defendants admit the allegations in Paragraph 6 of the Complaint.

7. Defendants admit the allegations in Paragraph 7 of the Complaint.

8. Defendants admit the allegations in Paragraph 8 of the Complaint, but deny that Everly and Sons Music is an entity capable of being sued.

## JURISDICTION AND VENUE

9. Defendants admit this Court has subject matter jurisdiction and/or federal jurisdiction of related state claims addressed herein.

10. Defendants admit Anderson was engaged to terminate the copyrights in the Compositions. Defendants admit this Court has personal jurisdiction over the claims. Defendants admit the Court has subject matter jurisdiction over the claims, not the Defendants.

11. Defendants admit that venue in this Judicial District is proper.

## FACTUAL ALLEGATIONS

12. Defendants incorporate its previous responses as though fully restated herein.

13. The Copyright Act and cases referred to in Paragraph 13 speak for themselves and this allegation requires no response from the Defendants.

14. The Copyright Act referred to in Paragraph 14 speaks for itself and this allegation requires no response from the Defendants.

15. The Copyright Act referred to in Paragraph 15 speaks for itself and this allegation requires no response from the Defendants.

16. The Copyright Act referred to in Paragraph 16 speaks for itself and this allegation requires no response from the Defendants.

17. Defendants admit the allegations in Paragraph 17 of the Complaint, except for that

Phil and Don Everly made the 1960 Grant as co-authors.

18. Defendants admit the allegations in Paragraph 18 of the Complaint.

19. Defendants admit the copyright registration information pertaining to the Compositions, but deny each and every other allegation in Paragraph 19.

20. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of the Complaint.

21. Defendants admit the allegations in Paragraph 21 of the Complaint.

22. Defendants deny each and every allegation in Paragraph 22.

23. Defendants admit that the 1980 Release was notarized and recorded with the Copyright Office, but deny each and every other allegation in Paragraph 23.

24. Defendants deny each and every allegation in Paragraph 24.

25. Defendants admit that the 1980 Release was notarized and recorded with the Copyright Office, but deny each and every other allegation in Paragraph 25.

26. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Complaint.

27. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Complaint.

28. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Complaint.

29. Defendants deny each and every allegation in Paragraph 29.

30. Defendants deny each and every allegation in Paragraph 30.

31. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint.

32. Defendants deny Plaintiff's claim that Plaintiff was the sole author of the Composition. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 32 of the Complaint.

33. Defendants admit that the 2014 Phil Everly/Sony Notice was filed with and recorded in the United States Copyright Office on or around November 17, 2014 as detailed in Paragraph 33 of the Complaint. Defendants lack knowledge or information sufficient to form a belief about the truth surrounding the knowledge of Don Everly. Defendants deny each and every other allegation in Paragraph 33.

34. Defendants admit that the 2016 Phil Everly/Don Everly Notice was filed with and recorded in the United States Copyright Office on or around September 6, 2016 as detailed in Paragraph 34 of the Complaint, but deny each and every other allegation in Paragraph 34.

35. Defendants admit that Plaintiffs seek a judgement declaring the parties' respective rights with regard to the Composition, but deny the legitimacy or issue of the action as framed.

36. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Complaint, but assert that any such "confusion" is solely because of the actions of the Plaintiff.

## COUNT 1

37. Defendants incorporate its previous responses as though fully restated herein.

38. Defendants admit the allegations in Paragraph 38 of the Complaint, but in doing so, reiterate that Defendants have the authority to implement the termination provisions of 17 U.S.C. §§ 304(c) and 203(a) of the Copyright Act for the Compositions.

39. Defendants deny each and every allegation in Paragraph 39.

40. Defendants deny the accuracy of the description of the issues raised by Plaintiff in

Paragraph 40 and assert that there is no basis upon which to invalidate Defendants' ownership interest in the Composition.

## COUNT 2

41. Defendants incorporate its previous responses as though fully restated herein.

42. The Copyright Act referred to in Paragraph 42 speaks for itself and this allegation requires no response from the Defendants.

43. The Defendants deny the validity of the legal conclusion set forth in Paragraph 43.

44. The Defendants deny the validity of the legal conclusion set forth in Paragraph 44.

## COUNT 3

45. Defendants incorporate its previous responses as though fully restated herein.

46. Defendants deny each and every allegation in Paragraph 46.

47. Defendants deny the validity of the claims described in Paragraph 47.

48. Defendants deny the validity of the claims described in Paragraph 48.

49. Defendants deny the validity of the claims described in Paragraph 49 and as such, the Plaintiffs are not entitled to any relief.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, the Defendants pleads the following Affirmative Defenses. The Defendants reserve the right to add additional Affirmative Defenses as may be learned in the court of discovery proceedings or otherwise.

### First Affirmative Defense
### (Unclean Hands)

As a separate and distinct affirmative defense, Defendants assert, with respect to the subject matter alleged in the Complaint, that Plaintiff's action is barred under the doctrine of unclean hands.

### Second Affirmative Defense
### (No Entitlement to Attorney's Fees)

As a separate and distinct affirmative defense, Defendants assert Plaintiff is not entitled to attorneys' fees.

### Third Affirmative Defense
### (Failure of Consideration)

As a separate and distinct affirmative defense, Defendants assert that Plaintiffs are barred from claiming or recovering any relief in connection with the 1980 Release based on the grounds of failure of consideration

### Fourth Affirmative Defense
### (Lack of Consideration)

As a separate and distinct affirmative defense, Defendants assert that Plaintiffs are barred from claiming or recovering any relief in connection with the 1980 Release based on the grounds of lack of consideration.

### Fifth Affirmative Defense
### (Reservation of Additional Defenses)

As a separate and distinct affirmative defense, Defendants assert that they have additional defenses currently unknown to them, which may be ascertained during the court of this proceedings. Defendants, therefore, reserve the right to assert additional affirmative defenses as they become desirable or necessary to do so to conform to proof.

## COUNTERCLAIM

Defendants hereby assert this Counterclaim against Plaintiff.

1. Defendants Patrice Y. Everly, Phillip J. Everly, and Christopher I. Everly are the statutory successors of the rights of Phillip Everly under 17 U.S.C. §§ 304(c) and 203(a).

2. Plaintiff Isaac Donald Everly ("Plaintiff") is a citizen and resident of Davidson County, Tennessee.

3. Phil and Don Everly executed an agreement with Acuff-Rose Publications, Inc. ("Acuff-Rose") dated March 21, 1960, which granted and transferred one-hundred percent (100%) of the worldwide copyright and all rights under copyright in the Composition to Acuff-Rose.

4. Phil Everly was and is an author of the Composition, as admitted by Plaintiff.

5. Defendants assert that the 1980 Release is unenforceable. In the alternative, however, under the 1980 Release, Phil Everly transferred contractual rights to specific royalties, but only such royalties as he received at the time the 1980 Release was executed.

6. Phil Everly is an author of the Composition and the Defendants, as his statutory successors, are entitled to one-half of the income earned from the exploitation of the Composition, pursuant to U.S.C. §§ 304(c) and 203(a).

## PRAYER FOR RELIEF

Having fully answered, Defendant moves the Court to dismiss the Plaintiff's Complaint for Declaratory Judgment and to grant the following:

1. That Plaintiffs take nothing from Defendants by way of their Complaint;

2. That the Court declare that Phil Everly is an author of the Composition pursuant to 17 U.S.C. 203; that Defendant's Notice of Termination was valid under 17 U.S.C. §§ 304(c) and 203(a); and that Defendants are entitled to one-half of the income earned from the exploitation of the Composition.

3. For such other and further general relief to which Defendant may be entitled.

Respectfully submitted,

/s/ Jay S. Bowen
**Jay S. Bowen** (#2649)
**Lauren M. Spahn** (#32377)
Shackelford, Bowen, McKinley & Norton LLP
47 Music Square East
Nashville, TN 37203
Telephone: (615) 329-4440
Facsimile: (615) 329-4485
jbowen@shackelfordlaw.net
lspahn@shackelfordlaw.net

*Attorneys for Defendants Patrice Y. Everly, Phillip J. Everly, Christopher I. Everly, The Phillip Everly Family Trust And, Everly And Sons Music (BMI)*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded by electronic means via the Court's electronic filing system, by electronic mail and/or by first-class United States mail, on this the 29th day of November, 2017, to:

| | |
|---|---|
| Linda Frances Howard | Philip M. Kirkpatrick |
| Adams and Reese LLP | Adams and Reese LLP |
| 901 18th Avenue South | 424 Church Street |
| Nashville, Tennessee 37212 | Nashville, Tennessee 37219 |

*/s/* Jay S. Bowen

8
Case 3:17-cv-01440   Document 5   Filed 11/29/17   Page 8 of 8 PageID #: 72