# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| ISAAC DONALD EVERLY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No.: 3:17-cv-01440** |
| | ) | |
| PATRICE Y. EVERLY, PHILLIP J. | ) | |
| EVERLY, CHRISTOPHER EVERLY, | ) | |
| THE PHILLIP EVERLY FAMILY TRUST | ) | |
| and EVERLY AND SONS MUSIC (BMI) | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S ANSWER TO COUNTERCLAIM

Plaintiff, Isaac Donald Everly ("Don" or "Plaintiff"), respectfully submits this Answer to the Counterclaim filed by Patrice Y. Everly, Phillip J. Everly, Christopher Everly, the Phillip Everly Family Trust and Everly and Sons Music (BMI) (collectively "Defendants"), and states as follows:

1.      The allegations contained in paragraph 1 are denied with respect to the musical composition "Cathy's Clown" ("Composition") and the other musical compositions noted in the original Complaint.

2.      Plaintiff admits the allegations contained in paragraph 2.

3.      It is admitted that Phil and Don Everly executed an agreement with Acuff-Rose Publications, Inc. ("Acuff-Rose") dated March 21, 1960 which recited that it granted and transferred one hundred percent (100%) of the worldwide copyright and all rights under copyright in the Composition to Acuff-Rose.  It is denied Phil Everly had any rights to transfer in the Composition since he was not an author of the Composition. To the extent Defendants assert

any other allegations that are inconsistent with the foregoing response and with Plaintiff's allegations contained in the Complaint, they are denied.

4. Plaintiff denies the allegations in paragraph 4.

5. Plaintiff denies the allegations contained in the first sentence of paragraph 5. The allegations contained in the second sentence of paragraph 5 are unclear and therefore Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of same, and accordingly they are denied.

6. Plaintiff denies the allegations in paragraph 6. In addition, Defendants' allegation that 17 U.S.C. §§ 304(c) and 203(a) entitle Defendants to one-half of the income earned from the exploitation of the Composition is an incorrect legal conclusion since (a) 17 U.S.C. §§ 304(c) and 203(a) relate solely to income earned in the United States; (b) Sony/ATV at all times retains not only foreign income but United States income earned from the exploitation of the Composition under the derivative works exception; and (c) the 2016 Phil Everly/Don Everly Notice, if deemed effective, which Plaintiff denies, would not provide Defendants with any rights to income earned from the exploitation of the Composition except with respect to United States income earned from and after August 15, 2018.

7. Any and all allegations contained in the Counterclaim that have not been admitted or denied, are hereby expressly denied. Plaintiff denies Defendants are entitled to any of the relief requested in the Prayer for Relief, and further aver that Plaintiff is entitled to the relief requested in the original Complaint.

2

## AFFIRMATIVE DEFENSES

Having answered Defendants' Counterclaim, Plaintiff pleads the following Affirmative Defenses to the Counterclaim. Plaintiff reserves the right to add Affirmative Defenses as may be learned in the course of discovery proceedings or otherwise.

### First Affirmative Defense
### (Unclean Hands)

As a separate and distinct affirmative defense, Plaintiff asserts, with respect to the subject matter alleged in the Counterclaim, that Defendants are barred under the doctrine of unclean hands.

### Second Affirmative Defense
### (Failure to State a Claim)

As a separate and distinct affirmative defense, Plaintiff asserts, with respect to the subject matter alleged in the Counterclaim, that the Counterclaim fails to state a claim upon which relief can be granted, and therefore, should be dismissed.

### Third Affirmative Defense
### (Lack of Standing)

As a separate and distinct affirmative defense, Plaintiff asserts, with respect to the subject matter alleged in the Counterclaim, that Defendants are barred from asserting the Counterclaim because they lack standing as having any rights as statutory successors to an "author" of the Composition and the others under the United States Copyright Act.

### Fourth Affirmative Defense
### (Statute of Limitations – Adjudication of Co-Authorship and Joint Works)

As a separate and distinct affirmative defense, Plaintiff asserts, with respect to the subject matter alleged in the Counterclaim, that Defendants are barred by the statute of limitations from

3

making any claim to co-authorship of the Composition and the others and that the Composition and the others are thereby joint works.

## Fifth Affirmative Defense
### (Laches – Adjudication of Co-Authorship and Joint Works)

As a separate and distinct affirmative defense, Plaintiff asserts, with respect to the subject matter alleged in the Counterclaim, that Defendants are barred under the doctrine of laches from making any claim to co-authorship of the Composition and the others and that the Composition and the others are joint works.

## Sixth Affirmative Defense
### (Statute of Limitations – Asserting the Unenforceability of the 1980 Release)

As a separate and distinct affirmative defense, Plaintiff asserts, with respect to the subject matter alleged in the Counterclaim, that Defendants are barred by the statute of limitations from asserting the 1980 Release is unenforceable.

## Seventh Affirmative Defense
### (Laches – Asserting the Unenforceability of the 1980 Release)

As a separate and distinct affirmative defense, Plaintiff asserts, with respect to the subject matter alleged in the Counterclaim, that Defendants are barred under the doctrine of laches from asserting the 1980 Release is unenforceable.

## Eighth Affirmative Defense
### (Equitable Estoppel – Nullification of Authorship)

As a separate and distinct affirmative defense, Plaintiff asserts, with respect to the subject matter alleged in the Counterclaim, that Defendants are barred under the doctrine of equitable estoppel because Phil Everly annulled and nullified any purported status he was previously credited with as an author of the Composition and the others, exercised no rights or control over

4

the Composition and the others, and took no action as an author of the Composition and the others since 1980.

## Ninth Affirmative Defense
### (Equitable Estoppel – Challenging the 1980 Release)

As a separate and distinct affirmative defense, Plaintiff asserts, with respect to the subject matter alleged in the Counterclaim, that Defendants are barred under the doctrine of equitable estoppel from challenging the 1980 Release.

## Tenth Affirmative Defense
### (Waiver, Ratification, Acquiescence)

As a separate and distinct affirmative defense, Plaintiff asserts, with respect to the subject matter alleged in the Counterclaim, that Defendants are barred under the doctrines of waiver, ratification and acquiescence.

## Eleventh Affirmative Defense
### (Premature and Speculative – 2016 Phil Everly/Don Everly Notice)

As a separate and distinct affirmative defense, Plaintiff asserts, with respect to the subject matter alleged in the Counterclaim, that Defendants have not suffered any harm or damage from the matters related to the 2016 Phil Everly/Don Everly Notice as alleged in the Counterclaim because even if the 1980 Release is a grant subject to termination under 17 U.S.C.§203(a), which Plaintiff denies, the Effective Date of Termination would be August 15, 2018, and therefore, the claims asserted and relief sought are premature, speculative and not ripe for adjudication.

## Twelfth Affirmative Defense
### (Reservation of Additional Defenses)

As a separate and distinct affirmative defense, Plaintiff asserts he may have additional defenses currently unknown to him, which may be ascertained during the course of this

5

proceeding.  Plaintiff, therefore, reserves the right to assert additional affirmative defenses as they become desirable or necessary to do so to conform to the proof.

Respectfully submitted,

/s/ Linda Frances Howard
LINDA FRANCES HOWARD (#16557)
Adams and Reese LLP
901 18th Avenue South
Nashville, Tennessee  37212
(615) 341-0068
linda.edellhoward@arlaw.com

/s/ Philip M. Kirkpatrick
PHILIP M. KIRKPATRICK (#06161)
Adams and Reese LLP
424 Church Street
Nashville, Tennessee  37219
(615) 259-1450
phil.kirkpatrick@arlaw.com

*Attorneys for Plaintiff, Isaac Donald Everly*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was served via the Court's ECF system this 18th day of December, 2017, upon the following:

**Jay S. Bowen**
**Lauren M. Spahn**
Shackelford, Bowen, McKinley & Norton LLP
47 Music Square East
Nashville, TN 37203
jbowen@shackelfordlaw.net
lspahn@shackelfordlaw.net

/s/ Philip M. Kirkpatrick