## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **ISAAC DONALD EVERLY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:17-cv-01440** |
| | ) | **Judge Aleta A. Trauger** |
| **PATRICE Y. EVERLY, PHILLIP J. EVERLY, CHRISTOPHER EVERLY, THE PHILLIP EVERLY FAMILY TRUST and EVERLY AND SONS MUSIC (BMI),** | ) ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Before the court is the defendants' timely Motion to Alter or Amend Judgment Entered on November 7, 2018 (Doc. No. 31), seeking reconsideration under Rule 59 of the Federal Rules of Civil Procedure of the ruling granting the plaintiff's Motion for Summary Judgment. For the reasons set forth herein, the motion will be denied.

### I.     Procedural Background

The court presumes familiarity with the facts of this case, as set forth in the detailed factual summary in the Memorandum entered on December 6, 2018 (Doc. No. 26), and will not recount the facts here.

Plaintiff Don Everly filed his Complaint for Declaratory Judgment (Doc. No. 1) on November 8, 2017, against Patti Everly, Jason Everly, and Chris Everly as the statutory successors to Phil Everly's U.S. Copyright Termination Rights under the United States Copyright Act ("Copyright Act"), specifically 17 U.S.C. §§ 304(c) and 203(a), and against the

Phillip Everly Family Trust ("Trust") and Everly and Sons Music (BMI) (alleged to be an assumed name for the Trust (Doc. No. 1 ¶ 8)), as a legal owner or successor to Phil Everly's rights or as a legal owner of the statutory successors' rights (collectively "Defendants").

The Complaint seeks a judicial declaration that: (1) Don's brother Phil Everly is not an "author" of the song "Cathy's Clown"; (2) the defendants are not the statutory successors of an "author" with respect to "Cathy's Clown" and are estopped from exercising any rights granted to "authors" of copyrighted works; (3) the 1980 Release is not a grant of a transfer or license of copyright or of any right under a copyright and, therefore, is not subject to termination pursuant to 17 U.S.C. § 203(a), thus invalidating the 2016 Notice of Termination of the 1980 Release; and (4) Don Everly owns 100% of the U.S. copyright in "Cathy's Clown" and 100% of the songwriter royalties derived from that work, as well as those for "Sigh, Cry, Almost Die" and "That's Just Too Much" (the "Subject Compositions"). (Doc. No. 1, at 12–3.)

The defendants filed an Answer, Affirmative Defenses, and Counterclaim. (Doc. No. 5.) The Counterclaim seeks declarations that Phil Everly is an author of "Cathy's Clown" under 17 U.S.C. § 203, that the 1980 Release is unenforceable or, alternatively, that Phil transferred only contractual rights to the royalties to which he was entitled at the time the 1980 Release was executed, and that the defendants are entitled to half of the income derived from "Cathy's Clown." (Doc. No. 5, at 7.) The case, at its heart, boils down to a dispute over who has the right to exercise termination rights under the Copyright Act.

In July 2018, Don Everly filed his Motion for Summary Judgment. There, he argued that he was entitled to judgment in his favor on the defendants' Counterclaim, based on the statute of limitations defense raised in Don's Answer to the Counterclaim, and in his favor on Counts 1 and 3 of the Complaint as well, on the basis that the defendants are barred from asserting an

ownership interest in the Subject Compositions. In the alternative, he asked the court to find in his favor on Count 2 of the Complaint, which seeks a declaration that the 1980 Release is not a "grant of a transfer or license of copyright or of any right under copyright" governed by 17 U.S.C. § 203 and, consequently, is not subject to termination under the Copyright Act as a matter of law.

In addressing the motion, the court noted that the case was in "an unusual procedural posture" and that "neither party had pointed to any precedent that is directly on point." (Doc. No. 26, at 14.) The court nonetheless granted the motion, finding that (1) Don Everly had plainly and expressly repudiated Phil Everly's claim of joint authorship of the Subject Compositions no later than 2011; (2) the defendants' Counterclaim for a declaration as to the validity of their Notices of Termination under 17 U.S.C. §§ 304(c) and 203(a) was barred by the three-year statute of limitations; and (3) because the defendants' ownership claims were barred, the plaintiff was entitled to judgment in his favor on Counts 1 and 3 of the Complaint. Finding it moot, the court did not address the merits of Count 2 of the Complaint.

Now before the court is the defendants' Motion to Alter or Amend Judgment, in which they argue that: (1) the plaintiff cannot use the statute of limitations as an "offensive sword" to establish a time limit within which the defendants can defend against the plaintiff's claim of sole ownership of the Subject Compositions, and, at a minimum, the defendants should be entitled to assert co-authorship as a defense to the plaintiff's claims; (2) for purposes of the running of the statute of limitations, the plaintiff never made an express repudiation of joint authorship; and (3) the court erred as a matter of law in concluding that the defendants' rights to claim co-ownership of the copyright were waived before their termination rights even accrued. (Doc. No. 31.) In response, the plaintiff argues that none of the defendants' claims provides a basis for relief under

Rule 59 and that, even considered on the merits, the defendants' arguments fail. (Doc. No. 41.) The defendants filed a Reply (Doc. No. 42) in which they essentially reiterate their primary arguments.

## II. Standard of Review

Under Rule 59, a court may alter or amend a judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010); *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

However, a motion under Rule 59(e) is not a vehicle for presenting new legal arguments that could have been raised before a judgment was issued. *Roger Miller Music*, 477 F.3d at 395; *see also Leisure Caviar*, 616 F.3d at 616 (noting that a movant "cannot use a Rule 59 motion to raise arguments which could, and should, have been made before judgment issued"). Critically, "[a] motion under Rule 59(e) is not an opportunity to reargue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Likewise, a Rule 59(e) motion "should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence." *Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (citation omitted).

"The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse." *Scotts Co. v. Cent. Garden & Pet Co.*, 403 F.3d 781, 788 (6th Cir. 2005) (citation and internal quotation marks omitted), *abrogated on other grounds*, *Allied Indus. Scrap, Inc. v. OmniSource Corp.*, 776 F.3d 452 (6th Cir. 2015).

### III.  Discussion

The defendants do not claim relief based on an intervening change of controlling law or newly discovered evidence. Although they point to a case issued after the court's ruling on the plaintiff's summary judgment motion, *Wilson v. Dynatone Publ'g Co.*, 908 F.3d 843 (2d Cir. Nov. 14, 2018), that case was issued by the Second Circuit and does not constitute controlling authority in this court. Moreover, the case simply builds on prior precedent and does not constitute an actual change in controlling law, even within the Second Circuit. Likewise, while both parties have presented additional evidentiary material, neither party argues that this evidence was not available previously. The court declines to review it.

It therefore appears that the defendants' request that the court alter or amend judgment is based on purported clear errors of law in the initial ruling. The defendants' legal arguments, however, all either actually were or clearly could have been raised in their response to the plaintiff's Motion for Summary Judgment. The defendants simply seek to reargue the case. Because the defendants have not presented an appropriate basis for review, their motion is subject to denial. *See, e.g.*, *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) ("A motion under Rule 59(e) does not simply provide an opportunity to reargue a case.").

### IV.  Conclusion

For the reasons set forth herein, the defendants' Rule 59 motion (Doc. No. 31) is **DENIED**.

The defendants shall file their objections to the plaintiff's Bill of Costs (Doc. No. 30) and response to the plaintiff's Motion for Attorneys' Fees, costs and Expenses of Litigation (Doc. No. 33), within fourteen days following the entry of this Memorandum and Order.

It is so **ORDERED**.

ENTERED this 5th day of February, 2019.

_____
ALETA A. TRAUGER
United States District Judge