**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **ISAAC DONALD EVERLY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:17-cv-01440** |
| | ) | **Judge Aleta A. Trauger** |
| **PATRICE Y. EVERLY, PHILLIP J.** | ) | |
| **EVERLY, CHRISTOPHER EVERLY,** | ) | |
| **THE PHILLIP EVERLY FAMILY** | ) | |
| **TRUST and EVERLY AND SONS** | ) | |
| **MUSIC (BMI),** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM and ORDER

Before the court are plaintiff Don Everly's Bill of Costs (Doc. No. 30), Motion for Attorneys' Fees, Costs and Expenses of Litigation (Doc. No. 33), and Amended Motion for Supplementary Attorneys' Fees, Costs and Expenses of Litigation Incurred Since Filing Original Motion for Attorneys' Fees, Costs and Expenses ("Amended Motion") (Doc. No. 44).

Because the Amended Motion actually supersedes the original, the original Motion (Doc. No. 33) will be denied as moot, but the Amended Motion will be deemed timely. For the reasons set forth herein, the court will award the full amount of costs sought in the Bill of Costs ($6,706.66). The Amended Motion for fees and for litigation expenses in excess of those itemized in the Bill of Costs will be denied.

## I.    Procedural Background

The plaintiff filed his Complaint for Declaratory Judgment in November 2017 and his Motion for Summary Judgment in July 2018. The court granted the motion on November 6, 2018,

and judgment was entered the next day. Defendants filed their Rule 59(e) motion on December 4, 2018, which the court denied on February 5, 2019.

Meanwhile, the plaintiff filed his Bill of Costs on December 3, 2018 (Doc. No. 30) and original attorney's fee motion on December 6, 2018 (Doc. No. 33), within thirty days from the date judgment was entered in his favor. Upon the defendants' request, the court extended the deadline for objecting to the Bill of Costs and responding to the attorney's fee motion until after the court ruled on the Rule 59(e) motion.

Before that deadline accrued, the plaintiff filed his Amended Motion on February 18, 2019, incorporating a request for additional fees incurred in responding to the defendants' Rule 59(e) motion. The parties also stipulated to the timeline for the filing of the defendants' response. The defendants' consolidated Response to the Amended Motion and objections to the Bill of Costs was filed on February 25, 2019. (Doc. No. 49.) The plaintiff, with the court's permission, filed a Reply (Doc. No. 52).

## II.     Bill of Costs and Amended Motion for Costs of Litigation

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs other than attorney's fees are allowed as of course to the prevailing party unless some exception, not applicable here, applies. In addition, by statute, a prevailing plaintiff in a copyright infringement action may, in the court's discretion, recover its "full costs." 17 U.S.C. § 505. The Supreme Court has very recently clarified that the "full costs" that may be shifted under § 505 are only those that fall within "the six categories [of costs] specified in the general costs statute, codified at [28 U.S.C.] §§ 1821 and 1920." *Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 876 (March 4, 2019). In *Rimini Street*, the district court had ordered the losing defendants to pay the prevailing plaintiff in a copyright case $12.8 million for litigation expenses, such as expert witness fees, e-

discovery, and jury consulting. The Supreme Court reversed on the basis that the recovery of such expenses was not authorized by either § 1821 or § 1920.

Section 1821 pertains to the payment of witnesses' costs and expenses. "An examination of § 1821 in its entirety shows clearly that it provides for the payment of certain fees and allowances to witnesses, not to parties." *Sales v. Marshall*, 873 F.2d 115, 119 (6th Cir. 1989). Section 1920 expressly permits the taxation of costs, if itemized on a bill of costs, including:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

The plaintiff's Bill of Costs seeks $6,706.66 in billable costs, all of which are encompassed by the categories itemized in § 1920. In his Amended Motion, the plaintiff seeks a total award of attorney's fees plus litigation expenses and costs, "less any such costs awarded by the Court pursuant to Don Everly's Bill of Costs." (Doc. No. 44, at 1.) Besides reiterating his claim for the same costs itemized in the Bill of Costs, the Amended Motion seeks to recover additional litigation expenses that were not taxable as costs, and therefore not included in the Bill of Costs, in the amount of $1,310.84.

The only portion of this total to which the defendants object is the $945 paid to the

plaintiff's former counsel, Casey Del Casino. That figure covers 2.7 hours of Del Casino's time at his hourly rate of $350. The plaintiff describes this cost as necessary for the "Procurement of Copies of Materials Used for Evidence." (Doc. No. 30-1, at 2.) More specifically, in an Affidavit submitted in support of the Bill of Costs, attorney Linda Howard states that the material obtained from Del Casino was unavailable from any other source and that the 2.7 hours of his time included on the Bill of Costs represents time spent "in service of retrieval and delivery of the important copyright office forms, filings and responses" that were used as evidence in the case. (Doc. No. 30-2, at 2 n.2.) The defendants object to the plaintiff's bid to recover any part of Casey Del Casino's attorney's fee (Doc. No. 49, at 20–21), but they do not specifically object to the recovery of that portion of the amount billed by Del Casino and included on the Bill of Costs under the category of "fees for exemplification and making copies of materials for use in case" (Doc. No. 30-1, at 2).

Based on the Howard Affidavit submitted in support of this expenditure and the defendants' failure to expressly object to it, the court finds that this expense is an allowable cost under 28 U.S.C. § 1920(4). Further, there being no other objections, the full amount sought by the plaintiff's Bill of Costs—$6,706.66—will be taxed against the defendants.

The defendants have not objected to any portion of the $1,310.84 in expenses included in the Amended Motion but not included in the Bill of Costs. These costs are attributed to U.S. Copyright Office fees, travel expenses for attorneys attending depositions in Los Angeles, and very small amounts for such items as PACER access, a long distance phone call, and document delivery. (*See* Doc. No. 45-1, at 18–19.) At the time the defendants filed their Response to the plaintiff's Amended Motion, however, the Supreme Court had not yet issued *Rimini Street*. Based on the unequivocal holding in that case, the court finds that no part of the $1,310.84 is recoverable.

If any part of it were recoverable under § 1920, it should—and likely would—have been included in the Bill of Costs. And, while § 1821 allows the recovery of some witness expenses, the plaintiff appears to be seeking to recover travel expenses incurred by attorneys for depositions. These expenses are not permitted by § 1821 or § 1920 and, therefore, are not recoverable as "costs" under 17 U.S.C. § 505. *Rimini St.*, 139 S. Ct. at 881. The Amended Motion, to the extent it seeks to recover any litigation expenses not included in the Bill of Costs, will be denied.

## III.     Attorney's Fees

### A.      Plaintiff's Motion

The plaintiff's original motion requested an award of $147,100 in fees. He states in the Amended Motion that he seeks an additional $25,971.05 in fees, costs and expenses incurred in connection with litigating the Bill of Costs, the preparation and filing of the first fee motion, and the preparation and filing of the response to the Rule 59(e) motion. (Doc. No. 44, at 1.) Excluding costs and expenses (and also subtracting $945 from Del Casino's bill that will be awarded in costs), he seeks to recover $172,100.85 ($173,045.85-945.00) in attorney's fees. (Doc. No. 45, at 20; Doc. No. 45-1, at 4; Doc. Nos. 45-1, at 10, 99.[1])

In support of the Amended Motion, the plaintiff has submitted a Memorandum of Law (Doc. No. 45) and the Affidavit of Linda Howard, Esq. (Doc. No. 45-1), to which are attached charts identifying the attorneys and paralegals who worked on this matter, their billing rates, the hours worked, the amounts billed to the plaintiff, and the amounts that would have been billed to the plaintiff but for discounted rates applied by attorneys Howard and Phil Kirkpatrick (Exhibits X-1 and Y-1); charts detailing the tasks performed by each professional showing the hours worked

---

[1] The court is actually using the figures itemized in Exhibits X-1 and Y-1 to Howard's Affidavit (Doc. No. 45-1, at 10, 99), rather than the slightly rounded figures used in the plaintiff's Memorandum.

and fees incurred in connection with those specific tasks (Exhibits X-2 and Y-2); and copies of the invoices from the law firm to the plaintiff, from which attorney-client privileged information and payment history have been redacted (Exhibits X-4 and Y-4).[2] According to Howard's Affidavit and attached exhibits, the plaintiff was actually billed $131,845.35 in attorney's fees, based on a discounted rate. (Doc. No. 45-1, at 5, 10, 99.) The plaintiff now seeks to recover the full value of services rendered by Howard and Kirkpatrick at the attorneys' non-discounted rate, or an additional $41,200.50 that was never actually invoiced to the plaintiff. (Doc. No. 45-1, at 4–5.)

In support of his Amended Motion, the plaintiff argues generally that the defendants' actions in defending this suit and pursuing a counterclaim were objectively unreasonable; that their actions in filing termination notices and the Rule 59(e) motion were objectively frivolous; that their motivations in pursuing the termination of the 1980 Release pertaining to "Cathy's Clown" and two other songs were "suspect"; that the need to deter people with improper motives from pursuing similarly weak cases weighs in favor of an award of attorney's fees; and that the fees sought are reasonable and were necessarily incurred in the protection of the plaintiff's legal rights and interests.

The defendants oppose the Amended Motion generally on the grounds that their claims and defense were objectively reasonable, rather than frivolous, and were asserted in good faith. Alternatively, they argue that, if the court is inclined to award fees, the amount of the award should be significantly reduced from the amount the plaintiff seeks. Specifically, they assert that (1) the plaintiff is not entitled to recover any amount that was not actually billed to him; (2) the plaintiff should not recover the fees that were retroactively billed only after the court issued the ruling on

_____

[2] Exhibits X-3 and Y-3 are charts detailing expenses incurred by the plaintiff in connection with this case.

the Motion for Summary Judgment; (3) no amount billed by attorney Casey Del Casino is recoverable; and (4) an across-the-board reduction of fifty percent of the remainder is warranted to account for excessive fees, duplicative fees, and block billing and vague time entries. (Doc. No. 49, at 3.) The defendants do not quibble with the reasonableness of hourly rates charged by the plaintiff's attorneys, *per se*, except insofar as the attorneys discounted their fees on the original invoices but now seek to recover at their undiscounted rates.

B.      **Legal Standards**

17 U.S.C. § 505 authorizes district courts to "award a reasonable attorney's fee to the prevailing party." The Supreme Court has recognized that this statute gives "broad leeway" to the district courts, but without identifying the "standards that courts should adopt, or guideposts they should use, in determining when such awards are appropriate." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1984–85 (2016). Given that "discretion is rarely without limits," *id.* at 1985, the Supreme Court has endeavored to provide such guideposts:

> First, a district court may not award attorney's fees as a matter of course; rather, a court must make a more particularized, case-by-case assessment. Second, a court may not treat prevailing plaintiffs and prevailing defendants any differently; defendants should be encouraged to litigate meritorious copyright defenses to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement. In addition, . . . several nonexclusive factors [should] inform a court's fee-shifting decisions: frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence.

*Id.* at 1985 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533, 527, 534 n.19 (1994) (internal quotation marks and brackets omitted)). In addition, in addressing these factors, courts are to consider whether an award of attorney's fees in a particular case will "advance[] the Copyright Act's goals." *Id.* at 1986. The ultimate goal of the Copyright Act is to "enrich[] the general public through access to creative works." *Id.* (quoting *Fogerty*, 510 U.S. at 527). It "achieves that end by

striking a balance between two subsidiary aims: encouraging and rewarding authors' creations while also enabling others to build on that work." *Id.* In short, the court must consider "all the circumstances of a case on their own terms, in light of the Copyright Act's essential goals." *Id.* at 1989.

## C.    Discussion

There is no dispute in this case that the plaintiff is the prevailing party and, as such, may be awarded attorney's fees under the Copyright Act. The court must, therefore, weigh the relevant factors to determine whether an award of attorney's fees is appropriate in this case.

As an initial matter, the court does not find that the defendants' position was objectively unreasonable. The case was complex, presenting novel and confusing factual and legal issues. The plaintiff prevailed, but it was not a "slam-dunk," and the defendants have filed an appeal that is not frivolous. Consistent with *Kirtsaeng*, *supra*, the court accords significant weight to this factor. *See also Bridgeport Music, Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 895 (6th Cir. 2004) ("When a [party] has advanced a reasonable, yet unsuccessful position, an award of attorney fees to the prevailing [party] generally does not promote the purposes of the Copyright Act.").

The plaintiff casts the defendants' motivation as "suspect," claiming that they "wanted Don to suffer (feel guilty, choke on his guilt)." (Doc. No. 45, at 15.) They do not cite any evidence to support this assertion.[3] The court finds that the litigation record supports the defendants' assertion

---

[3] The plaintiff filed deposition excerpts, apparently in support of this argument, but did not cite them in his Memorandum. In one of the excerpts, Jason Everly testified to his belief that Phil, now deceased, agreed to sign the 1980 Release because he hoped that Don Everly would feel guilty every time he cashed a royalty check. Jason added, "You know, my father was quite well known for taking the high ground as much as possible, and if Donald was going to feel guilty, for . . . asking his own brother to give back a song that he had co-written with him 20 years earlier, . . . and my father . . . thought he would choke on the guilt, [that] was a bit silly, but that's my father." (Doc. No. 34-4, at 9.) Even assuming this is true, this testimony does not suggest an improper motive on the part of the defendants.

that their motivation "was to vindicate Phil's 'inalienable termination right' as a statutory author of Cathy's Clown." (Doc. No. 49, at 12 (quoting *Stewart v. Abend*, 495 U.S. 207, 230 (1990)). This motivation is not inconsistent with the goals of the Copyright Act, and this factor does not weigh in favor of awarding fees.

Finally, the court does not find that the interests of compensation and deterrence weigh strongly in favor of an award of fees in this case either. Both sides sought to pursue a legitimate reward for an author's creation, but the defendants, in light of the court's interpretation and application of the statute of limitations, fell short of their objective. The court declines under the circumstances presented by this case to award attorney's fees to the plaintiff.

## IV.     Conclusion and Order

For the reasons set forth herein, the plaintiff is **AWARDED** his costs in the amount of $6,706.66, as set forth in the Bill of Costs, pursuant to Rule 54(d)(1).

The original Motion for Attorneys' Fees (Doc. No. 33) is **DENIED AS MOOT**.

The Amended Motion (Doc. No. 44), seeking attorney's fees and litigation expenses in excess of those enumerated in the Bill of Costs, is **DENIED**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge