IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ISAAC DONALD EVERLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:17-cv-01440 |
| ) | Judge Aleta A. Trauger |
| PATRICE Y. EVERLY, PHILLIP J. ) | |
| EVERLY, CHRISTOPHER EVERLY, ) | |
| THE PHILLIP EVERLY FAMILY ) | |
| TRUST and EVERLY AND SONS ) | |
| MUSIC (BMI), ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the court is a question regarding the scope of the Sixth Circuit's remand. The court construes the defendants' recently filed Brief (Doc. No. 63) on that issue as a motion for clarification as to the scope of remand as well as motion for leave to amend both the operative scheduling order and the defendants' Answer. As set forth herein, the court will **GRANT** the motion for clarification and **DENY** the motion for leave to amend either the scheduling order or the Answer.

**I.  BACKGROUND**

The Sixth Circuit reversed this court's grant of summary judgment in favor of the plaintiff and remanded for further proceedings. The mandate issued on May 26, 2020, and this court promptly set a new trial date of November 3, 2020. (Doc. Nos. 55, 56.)

Within a month of the issuance of the mandate, the defendants filed a Motion to Set a Telephonic Status Conference (Doc. No. 58) with the undersigned to discuss three issues that the parties have not been able to resolve among themselves: (1) the defendants' position that the

plaintiff could not "use the statute of limitations as a 'sword' to prevail on his affirmative claims" (*id.* at 1); (2) the defendants' position that the proper accrual date for a copyright termination claim is the effective date of termination; and (3) the applicability of the statute of limitations to the plaintiff's claims and whether the defendants needed, or would have the ability, to file a motion to amend their answer to assert the statute of limitations as an affirmative defense. The plaintiff filed a Response, clarifying that, although he did not oppose the defendants' request for a status conference, his position is that the first two issues referenced by the defendants have been "waived, which is why the Sixth Circuit refused to consider them on appeal," and that the third issue—whether the statute of limitations bars the plaintiff's claims—has also been waived, not having been raised before now. (Doc. No. 59, at 1.)

The court conducted a telephone conference with the parties on June 30, 2020 and thereafter entered an Order directing the parties to brief the question raised by the defendants, specifically, the scope of issues to be considered following the remand. (Doc. No. 62.) The parties have now complied. The defendants' Brief Regarding the Scope of Proceedings on Remand (Doc. No. 63), in addition to addressing the question framed by the document's title, requests leave to amend their Answer. As indicated above, the court construes this request as a motion, even though the Brief is not designated as such and the proposed amended pleading was not attached to the Brief. The plaintiff's Response to Defendants' Brief (Doc. No. 64), besides continuing to argue that the scope of the remand is narrow, opposes the defendants' request for leave to amend the scheduling order in order to permit an amended Answer.

## II. SCOPE OF ISSUES ON REMAND

The plaintiff moved for summary judgment on all three claims for declaratory relief set forth in the Complaint. The court granted summary judgment in favor of the plaintiff on Counts I and III, finding that he had "plainly and expressly repudiated Phil Everly's claim to joint authorship

of the Subject Compositions no later than 2011," as a result of which the defendants' counterclaim for a declaration that Phil Everly was an author of the Subject Compositions was time-barred, and the plaintiff was entitled to summary judgment on his claims of sole authorship. (Doc. No. 26, at 16; *see also* Order, Doc. No. 27.) The "Subject Compositions" included the songs *Cathy's Clown*, *Sigh, Cry, Almost Die*, and *That's Just Too Much*. The court dismissed Count II as moot in light of the finding that the plaintiff was entitled to judgment in his favor on Counts I and III. The defendants sought reconsideration, raising two issues that they had not previously raised: (1) whether the plaintiff could use the statute of limitations as a "sword" rather than merely a "shield" and (2) whether the proper accrual date for a copyright termination claim is the effective date of termination. The court declined to consider the newly raised issues and denied the motion for reconsideration.

The defendants appealed. In a footnote, the Sixth Circuit affirmed summary judgment in favor of the plaintiff with respect to his authorship claims to two of the Subject Compositions, *Sigh, Cry, Almost Die* and *That's Just Too Much*, finding that the defendants had "forfeited any argument" regarding these two compositions. *Everly v. Everly*, 958 F.3d 442, 448 n.6 (6th Cir. 2020). In addition, the appellate court declined to consider the same two issues the defendants had raised in the motion to reconsider, finding that the issues were waived for purposes of the appeal. *See id.* at 449 ("Defendants failed to raise the first and third arguments before their Rule 59(e) motion to reconsider. Accordingly, we do not consider them here."). Turning its attention to the substantive issue on the basis of which this court had granted summary judgment, the Sixth Circuit found that a material factual dispute existed as to whether the plaintiff had expressly repudiated Phil Everly's authorship of the composition *Cathy's Clown*. It therefore "reverse[d] the district court's grant of summary judgment and remand[ed] for further proceedings consistent with this

opinion." *Id.* at 459.

"The basic tenet of the mandate rule is that a district court is bound to the scope of the remand issued by the court of appeals." *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999). Remands can be general or limited in scope. A limited remand, as its name suggests, limits the district court's authority on remand to the issue or issues remanded. *Id.* (citation omitted). "General remands, in contrast, give district courts authority to address all matters as long as remaining consistent with the remand." *Id.*

"A limited remand must convey clearly the intent to limit the scope of the district court's review." *Id.* at 267. Thus, to impose a limited remand, the "appellate court must sufficiently outline the procedure the district court is to follow. The chain of intended events should be articulated with particularity. . . . The language used to limit the remand should be, in effect, unmistakable." *Id.* at 268. "In the absence of an explicit limitation, the remand order is presumptively a general one." *In re Purdy*, 870 F.3d 436, 444 (6th Cir. 2017) (quoting *Owner-Operator Indep. Drivers Assoc. v. Comerica Bank*, 562 F. App'x 312, 331 (6th Cir. 2014)).

The language used by the Sixth Circuit in this case dictates a conclusion that the remand was general, as the court stated only that it reversed and remanded for further proceedings consistent with its opinion. *See Purdy*, 870 F.3d at 444 ("We required only that further proceedings be consistent with our opinion. We therefore conclude that the remand was general . . . ."). Consistent with that opinion, the defendants can no longer litigate the authorship of *Sigh, Cry, Almost Die* or *That's Just Too Much*. Otherwise, however, all claims at issue in the Complaint and Counterclaim remain pending, effectively without limitation. *Accord* Wright & Miller, 10A Fed. Prac. & Proc. Civ. § 2712 (4th ed.) ("[T]he denial of summary judgment does not preclude either party from raising at trial any of the issues dealt with on the motion.").

That means both that the plaintiff's Count II, which the court dismissed as moot, is reinstated and that the defendants are not barred from asserting the arguments made in their Rule 59(e) motion, which this court declined to consider in that context. The plaintiff now claims that this court's finding that those arguments were waived constitutes the "law of the case." (Doc. No. 64, at 5.) The plaintiff's citations, however, are inapposite. The Sixth Circuit has "confined the law-of-the case doctrine to the mandate of the reviewing court's opinion and the portions of the opinion incorporated into the mandate." *McKenzie v. BellSouth Telecomms.*, 219 F.3d 508, 513 (6th Cir. 2000). That means that, following remand, "the trial court may consider those issues not decided expressly or impliedly by the appellate court or a previous trial court." *Id.* (citations omitted). As set forth above, the remand in this case is general. This court declined to consider the two arguments the defendants now seek to revive in the context of contesting summary judgment, since they were not raised before the Rule 59(e) motion. The Sixth Circuit declined to consider them for the same reason. Consequently, the arguments were never considered on their merits, either by this court or by the Sixth Circuit. Summary judgment has now been denied, and the arguments remain available to the defendants. The situation is no different than it would be if, hypothetically, the defendants had never filed a Rule 59(e) motion, and thus never raised the issues at all, or if the plaintiff had never filed a motion for summary judgment in the first place. The law of the case does not bar these arguments. *See United States v. McFalls*, 675 F.3d 599, 606 (6th Cir. 2012) ("[A] general remand effectively wipes the slate clean.").

### III. MOTION TO AMEND ANSWER

Invoking Rule 15(a)(2) of the Federal Rules of Civil Procedure, the defendants also seek to amend their Answer to assert the statute of limitations as an affirmative defense to the plaintiff's claims. Specifically, it seems that the defendants wish to claim that the plaintiff's suit is barred by the three-year statute of limitations, because Phil Everly "plainly and expressly repudiated Don's

claim to sole authorship by, among other things, describing his co-authorship of "Cathy's Clown" on the David Frost Show in 1972." (Doc. No. 63, at 8.) The defendants deny that there has been undue delay or that the plaintiff will be prejudiced because, they claim, no additional discovery will be required and the defendant has ample time to tailor his trial strategy, since trial is still more than three months away. The defendants also assert that the proposed amendment would not be futile, they are not acting in bad faith, and they have not filed any previous amendments. Finally, the defendants maintain that Rule 16(b)(4) does not apply, "because there was no deadline set for amendment of pleadings upon remand." (Doc. No. 63, at 8 n.7.)

In response, the plaintiff argues that the defendants' request to amend the pleading must also be construed as a request to amend the scheduling order, which requires a demonstration of "good cause." *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). He argues that the defendants have made no showing of good cause in this case and, further, that he would be prejudiced by any such amendment, because the proposed new defense is "fact-intensive and will require additional discovery and, perhaps, dispositive motions briefing." (Doc. No. 64, at 8.) The plaintiff asserts that the prejudice is "compounded by the fact that Defendants are vague about the scope of their proposed defense." (*Id.*)[1] He states that at least ten new depositions will be required.

Rule 15(a) of the Federal Rules of Civil Procedure governs amending pleadings before trial. A party may amend a pleading once as a matter of course either within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, within twenty-one

---

[1] The plaintiff also states that it is "unclear" whether the defendants "claim that their defense applies only to *Cathy's Clown* or to all of the songs covered by the 1980 release." Because the Sixth Circuit affirmed summary judgment to the plaintiff with respect to the other two Subject Compositions that were originally at issue in this case, it is clear that the defendants' claim can only pertain to *Cathy's Clown*.

days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12, whichever is earlier. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may only amend a pleading by obtaining the opposing party's written consent or receiving leave of the court. Fed. R. Civ. P. 15(a)(2).

Where it is requested, the court should "freely" give leave when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, notwithstanding the liberality with which courts generally are to approach such motions, a motion to amend may be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (quoting *Foman*, 371 U.S. at 182). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 382–83 (6th Cir. 1993)). "Ordinarily, delay alone, does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (citation omitted). "At some point, however, 'delay will become "undue," placing an unwarranted burden on the court, or will become "prejudicial," placing an unfair burden on the opposing party.'" *Id.* (quoting *Adams v. Gould*, 739 F.2d 858, 863 (3d Cir. 1984)).

Courts recognize that a request to amend a pleading after a scheduling order's deadline for doing so is construed as both a request for leave to amend and for modification of the schedule; accordingly, the moving party must demonstrate "good cause" for allowing the amendment. Fed. R. Civ. P. 16(b)(4); *see Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003) (holding that a party seeking to amend a pleading in contravention of a scheduling order must satisfy both Rule

15 and Rule 16). Rule 16's "good cause" standard is "much stricter" than the Rule 15 standard. *Harshaw v. Bethany Christian Servs.*, No. 1:08-CV-104, 2009 WL 5149925, at *7 (W.D. Mich. Dec. 15, 2009). "Once the scheduling order's deadline to amend the [pleading] passes, . . . 'a [party] first must show good cause under Rule 16(b) for failure earlier to seek leave to amend' . . . 'before a court will [even] consider whether amendment is proper under Rule 15(a).'" *Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009) (quoting *Leary*, 349 F.3d at 909).

The Sixth Circuit has recognized that amendments following the close of discovery "would create significant prejudice to defendants in having to reopen discovery and prepare a defense for a claim quite different from the . . . claim that was before the court." *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999); *see also Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) (citing *Duggins* for the proposition that, "[w]hen amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier," the "late stage" in that case being "after discovery had passed, the dispositive motion deadline had passed, and a motion for summary judgment had been filed"); *Harshaw*, 2009 WL 5149925, at *7–8 (W.D. Mich. Dec. 15, 2009) (recognizing that Rule 15(a)'s liberal standard, alone, would not support denial of a motion for leave to amend to assert "meritorious limitations defenses" in that case, but that Rule 16's "stricter standard" required denial of the motion, where the defendant did "not even arguably show good cause for missing the [amendment] deadline by more than a year"); *accord Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004) (affirming the denial of a motion to amend, recognizing that "motions to amend whose timing prejudices the opposing party by requiring a re-opening of discovery" are "[p]articularly disfavored").

The court is not persuaded by the defendants' claim that remand served to wipe clean the deadline slate. The Initial Case Management Order ("ICMO") entered on January 8, 2018, established a deadline of June 1, 2018 for completion of written discovery and all depositions. (Doc. No. 10, at 4.) In particular, the ICMO documented the parties' agreement to expedite the plaintiff's deposition "due to his advanced age and in order to preserve his testimony as evidence." (*Id.*) Even prior to that, "all motions to amend" were due no later than March 30, 2018. (*Id.*) Certainly, if discovery has yielded information justifying an extension of the motion to amend, the defendants could have moved at that point to extend the deadline, but they did not do so. Dispositive motions were due by July 23, 2018. The plaintiff filed his dispositive motion on that date, positing that the statute of limitations barred the defendants' claims based on Phil Everly's authorship. This tactic should have, at the very least, put the defendants on notice of the possibility that they might have a defense based on the statute of limitations, but, again, they did not seek at that time to amend the ICMO or to amend their Answer to assert a statute of limitations defense.

The court ruled on the Motion for Summary Judgment in November 2018. The defendants arguably had had until then—an additional eight months following the expiration of the deadline for amending—within which to reconsider their position and seek to amend their Answer. They did not do so.

Now, rather than offering good cause, the defendants assert that Rule 16 does not even apply, since there is no deadline for amending pleadings following remand. But that argument is without merit. There is no post-remand deadline because the deadline expired well prior to remand. The only "cause" the defendants offer is that it did not occur to them that they might have a statute of limitations defense until the court pointed out, in a footnote in the Memorandum granting summary judgment, that the defendants had not raised a statute of limitations defense. That

footnote, however, was purely informational; it was not intended to signal that any such defense might (or might not) be warranted.

The court finds that the defendants have failed to offer good cause for seeking to amend the ICMO this late date. In addition, the court finds that permitting amendment of the Answer at this juncture would cause prejudice to the plaintiff due to the likelihood of "having to reopen discovery and prepare a defense for a claim quite different from the . . . claim that was before the court." *Duggins*, 195 F.3d at 834. The prejudice is amplified by the plaintiff's advanced age and the approaching trial date.

The court further notes that the proposed amendment would apparently be futile. The defendants posit only that they seek to assert that Phil "plainly and expressly repudiated Don's sole authorship claim by, among other things, describing his co-authorship of *Cathy's Clown* on the David Frost show in 1972." (Doc. No. 63, at 8.) Up until now, the parties have operated under the apparently undisputed assumption that Don did not make a sole authorship claim, at least publicly, until sometime in 1980. Phil's claim of co-authorship in 1972 would, therefore, have no effect on the statute of limitations. Alternatively, if the defendants intend to entirely reframe the narrative thus far pursued, then even more extensive additional discovery would likely be required, which, again, would result in significant prejudice to the plaintiff and undue delay.

## IV.    CONCLUSION AND ORDER

The defendants' request for a clarification of the scope of the proceedings on remand is **GRANTED**, as follows: the remand was general, and the defendants cannot be deemed to have waived the arguments raised in their Rule 59 motion.

The defendants' implicit request to amend the ICMO to extend the deadline for amending pleadings and their request to amend their Answer to add a statute-of-limitations defense based on the 1972 David Frost show are **DENIED** for the reasons stated herein.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge

The defendants' implicit request to amend the ICMO to extend the deadline for amending pleadings and their request to amend their Answer to add a statute-of-limitations defense based on the 1972 David Frost show are **DENIED** for the reasons stated herein.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge